OPINION
Appellant, Jeffrey L. Sunnycalb, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of his child, Hope Sunnycalb, to the Butler County Children's Services Board ("BCCSB").
On November 12, 1989, appellant and Rebecca (Sunnycalb) Woods were granted a divorce by the Warren County Court of Common Pleas, Domestic Relations Division ("domestic relations court"). One child, Hope, was born of the marriage, and the domestic relations court granted custody of her to Woods. However, when Woods departed Ohio in 1991, she left Hope in appellant's custody.
On April 15, 1994, BCCSB filed a complaint in the Butler County Court of Common Pleas, Juvenile Division ("juvenile court") asserting that Hope was a dependent child. The complaint alleged that appellant had raped an eleven-year-old girl and had sexual intercourse with another eleven-year-old girl over a period of one and one half years.[1] In addition, the complaint stated that Woods could not be located.
On May 4, 1994, a shelter care hearing was conducted and temporary custody was granted to BCCSB. Adjudicatory and dispositional hearings were subsequently held on June 2, 1994. The juvenile court found that Hope was dependent and continued its prior order awarding temporary custody to BCCSB.
On March 8, 1995, the BCCSB filed a motion for permanent custody. When the trial court held a hearing on the motion for permanent custody, Woods appeared for the first time and expressed a desire to have custody of Hope. In order to attempt reunification, the trial court continued the order of temporary custody and granted visitation to Woods. The BCCSB subsequently withdrew the motion for permanent custody.
On February 20, 1997, BCCSB filed another motion for permanent custody of Hope. The trial court held hearings on the permanent custody motion on May 16, 1997 and June 24, 1997. On July 3, 1997, the trial court granted the motion, awarded permanent custody to BCCSB and terminated the parental rights of appellant and Woods.
On appeal, appellant assigns a single assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ASSUMING JURISDICTION AS IT WAS WITHOUT PROPER JURISDICTION OVER THE ALLEGED DEPENDENT CHILD, AS THE ALLEGED DEPENDENT CHILD WAS ALREADY A WARD OF ANOTHER COURT OF THIS STATE AND THE JUVENILE COURT FAILED TO OBTAIN CERTIFICATION PRIOR TO ADJUDICATING CUSTODY MATTERS OF SAID WARD.
In his sole assignment of error, appellant asserts that the juvenile court lacked jurisdiction to award permanent custody to BCCSB because custody had previously been determined by the domestic relations court. R.C. 2151.23 governs the jurisdiction of a juvenile court and provides as follows:
 (A) The juvenile court has exclusive original jurisdiction under the Revised Code;
 (1) Concerning any child who on or about the date specified in the complaint is alleged to be a[n] * * * abused, neglected, or dependent child;
 (2) To determine the custody of any child not a ward of another court of this state[.] (Emphasis added.)
Appellant asserts that Hope is a ward of the domestic relations court because custody of Hope was resolved during his divorce from Woods. Thus, appellant argues that the juvenile court lacked jurisdiction to award permanent custody to BCCSB.
"Pursuant to R.C. 2151.23(A), the juvenile court has jurisdiction to determine the custody of a child alleged to be abused, neglected, or dependent, when that child is not the ward of any court in [Ohio]." In re Poling (1992), 64 Ohio St.3d 211, paragraph one of the syllabus. The Supreme Court of Ohio has determined that "the phrase any child not a `ward of another court' in R.C. 2151.23(A)(2) cannot be construed to prohibit a juvenile court from changing custody of children subject to a divorce decree * * *." Poling at 214. Accordingly, appellant's argument lacks merit and the juvenile court had jurisdiction to award permanent custody to BCCSB. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] On July 14, 1994, appellant was indicted by a Butler County Grand Jury on four counts of rape in violation of R.C.2907.02(A)-(1)(b) and one count of corrupting another with drugs in violation of R.C. 2925.02(A)(4). On January 20, 1995, appellant entered a plea of guilty to all charges. This court affirmed appellant's convictions, State v. Sunnycalb (Nov. 20, 1995), Butler App. No. CA95-04-059, unreported, and affirmed his classification as a sexual predator, State v. Sunnycalb (Jan. 12, 1998), Butler App. No. CA97-05-100, unreported.